**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MONICA SCHULMANN**                                               **PLAINTIFF**

**V.**                                               **NO. 3:26-CV-187-DMB-RP**

**ROBERT J. CONRAD, et al.**                                               **DEFENDANTS**

**ORDER**

On July 7, 2026, Monica Schulmann filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Robert J. Conrad, Eric Komitee, Margo K. Brodie, Laura Taylor Swain, Pamela K. Chen, Tammi M. Hellwig, Brenda K. Sannes, John M. Domurad, Brenna B. Mahoney, and Edward A. Friedland, along with a separate motion to proceed in forma pauperis. Docs. #1, #2. That day, the Clerk of the Court mailed to Schulmann at her address of record a notice advising her of the district judge and the magistrate judge assigned to her case, along with certain instructions, including, "**Be sure the Court always has your correct address and phone number**. If your contact information changes, contact the Clerk's Office in writing immediately." Doc. #3 at PageID 7.

The following day, United States Magistrate Judge Roy Percy issued a report ("R&R) recommending that Schulmann's complaint be dismissed, warning that "[a] party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's [R&R] within 14 days after being served with a copy bars that party from … entitlement to de novo review by a district judge of proposed findings and recommendations." Doc. #4 at 2, 3 (emphasis omitted). The same day, the Clerk of the Court mailed a copy of the R&R to Schulmann at her address of record. On July 31, the correspondence mailed to Schulmann on July 7 at her address of record was returned as undeliverable. Doc. #5. On August 3, the copy of the

R&R mailed to Schulmann at her address of record was returned as undeliverable.  Doc. #6.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "[P]lain error review applies where, as here, 'a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'"  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013)).  "[W]here there is no objection, the Court need only determine whether the [R&R] is clearly erroneous or contrary to law."  *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

To date, no objection to the R&R was filed and the deadline for objections expired. However, Schulmann did not receive the copy of the R&R sent to her by mail at her record address since it was returned as undeliverable.  But because it is Schulmann's responsibility to notify the Court of any changes to her address, this Court is without information to provide Schulmann with notice of any events in this case.  So, the Court is left to presume that Schulmann no longer desires to proceed with the prosecution of this case and, pursuant to Federal Rule of Civil Procedure 41(b), this case is **DISMISSED without prejudice**.[1]

**SO ORDERED**, this 4th day of August, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] If Schulmann provides her correct address to the Court within fourteen days of this order, the Court will vacate this order, reopen the case, and provide Schulmann an opportunity to object to the R&R.  In deciding to dismiss this case without prejudice, the Court also considered that the entirety of Schulmann's complaint states, "Certain Defendants have extramarital affairs, such affair though not publicized but have been overheard by many, A reprimand should be ordered immediately."  Doc. #1.  The Court agrees with the R&R that "[t]his blanket assertion falls far short of a plausible claim" and "fails to establish the court's subject matter jurisdiction."  Doc. #4 at 2.  Alternatively then, this case is dismissed without prejudice for failure to state a claim and for lack of subject matter jurisdiction.